# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8129 | **DATE** | 9/27/2001 |
| **CASE TITLE** | SEAN HARRIS vs. RIVER VIEW FORD, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 11/26/01 at 9:30 a.m. Plaintiff's motion for class certification is withdrawn without prejudice [14-1]. Enter Memorandum Opinion And Order. Plaintiff's motion to dismiss and/or strike is denied in part and granted in part. The IMVRISA claims in counts III and IV and the ICFA claims based on violations of IMVRISA in counts III and V are dismissed. Paragraphs 52(m) and 52(1) are withdrawn by Harris and are, therefore, stricken from the complaint.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | SEP 28 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | FOR DOCKETING 01 SEP 27 PM 5:42 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| LG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SEAN HARRIS,
    Plaintiff,

v.

RIVER VIEW FORD, INC., and
FORD MOTOR CREDIT CO.,
    Defendants.

No. 00 C 8129

Judge John W. Darrah

DOCKETED
SEP 2 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sean Harris (Harris), filed a multi-count class action against defendants, River View Ford (River View) and Ford Motor Credit (Ford Credit), alleging violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* (Counts I, II, and IV); violation of the Illinois Consumer Fraud Act (ICFA), 815 ILCS § 505/1 *et seq.* (Counts III and V); violation of the Illinois Motor Vehicle Retail Installment Sales Act (IMVRISA), 815 ILCS 375/1 *et seq* (Counts III and V); violation of the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.* (Counts VII, VIII, and IX); violation of the Illinois Credit Services Organization Act (ICSOA), 815 ILCS 605/1 *et seq.* (Counts V and X); common law fraud (Count XI); violations of the the Illinois Commercial Code (ICC), 810 ILCS 5/1 *et seq.* (Counts VIII, IX, and XII); violation of the Motor Vehicle Information and Cost Savings Act (MVICSA), 49 U.S.C. § 32701 *et seq.* (Count XIII); and ratification and acceptance of benefits of illegal conduct by Ford Credit (Count XIV).[1] In August 2001, Ford Credit was dismissed with prejudice by Harris. Before the Court is River View's Motion to Dismiss, in Part, and/or Strike, in Part, Plaintiff's Third-Amended Complaint.

---

[1] The Third-Amended Complaint does not contain a Count VI.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

Each count of plaintiff's Third-Amended Complaint contains a heading indicating a single cause of action. However, some of the counts have additional claims within the count, *i.e.*, Count III is titled "Illinois Consumer Fraud Act" and includes pleading violation of the ICFA in numerous ways; however, Count III also alleges a violation of IMVRISA. Federal Rule of Civil Procedure 8(e)(2) allows a party to set forth two or more statements of a claim in one count; however, Rule 10(b) requires pleading separate counts for each distinctive statutory and constitutional claim, Fed. R. Civ. P. 10(b); *Goerlich v. Davis*, 1991 WL 195772 (N.D.Ill. Sept. 25, 1991). Accordingly, plaintiff's separate statutory claims should be pled in separate counts. However, the Court will address each of the claims addressed in defendant's Motion to Dismiss.

In January 2000, Harris purchased a 1995 Ford Contour from River View. The car came with a limited warranty supplied by River View. River View, through its agents, provided Harris with advice and assistance with respect to finding a financial institution willing to provide credit to Harris. River View offered, and Harris accepted, financing through Ford Credit at a thirty-three percent annual percentage rate. Harris paid $800.00 as his down payment. Harris financed $5,360.00 through Ford Credit. Harris alleges that River View did not give him his written Truth in Lending disclosure in a timely manner, or ever. In addition, he experienced various mechanical problems with the vehicle since its purchase. Harris returned to River View at least three times, rejecting the

vehicle and asking for his money back. River View refused to return Harris's money and was unable to repair the mechanical problems. In April 2000, River View repossessed the vehicle and reported the vehicle as repossessed without any mention that Harris rejected the vehicle. In October 2000, Harris confirmed his rejection or revocation of acceptance of the vehicle.

Counts I, II, and IV of Harris's complaint allege violations of the TILA. River View argues that Counts I, II, and IV should be dismissed because Harris previously did not plead actual damages and that the TILA does not allow statutory damages. River View alleges that Harris's failure to plead actual damages in the first and second complaint is an admission that actual damages are not present.

In the Third-Amended Complaint, Harris pled actual damages. An amended complaint supersedes all previous complaints and controls the case from that point forward. The new complaint "wipes away prior pleadings" and "opens the door" to raise new and previously unmentioned matters. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000). Accordingly, plaintiff's failure to previously allege actual damages does not bar him from pleading such damages in his amended complaint.

River View also alleges that Counts I, II, and IV should be dismissed because they fail to state a claim. River View argues that Harris's complaint alleges that River View violated the TILA by failing to disclose the up-charge or profit it took from the action and that River View failed to clearly and conspicuously disclose that it might retain a portion of the charge. However, a review of the complaint indicates that these facts are not pled by Harris. Instead, Harris alleges that River View violated the TILA by not providing Harris with Truth in Lending disclosures before consummation of the transaction in violation of the TILA, 15 U.S.C. § 1638(b)(1) and Regulation

Z, 12 C.F.R. § 226.17(a)(1) and (b). Accordingly, River View's argument is without merit.

River View next argues that the ICFA claims in Counts III, V, XI of Harris' complaint should be dismissed because Harris is not entitled to recovery under the ICFA for an alleged wrong specifically addressed by the TILA and the IMVRISA.[2] River View cites to *Perez v Z Frank Oldsmobile, Inc.*, 223 F.3d 617 (7th Cir. 2000) (*Perez*) in support of its argument. Harris argues that the ICFA claims may stand because he has the right to plead alternative claims and that, while he may have to choose a recovery at a later date, such does not render the present claims as failing to state a cause of action.

In *Perez*, the Seventh Circuit held that the Illinois odometer fraud statute established the maximum amount that may be awarded for fraud relating to a vehicle's mileage, and the vehicle buyer could not circumvent the statute to obtain punitive damages in excess of the statutory maximum by simply joining the statutory claim with a common law fraud claim that is based on the same deception. *Perez*, 223 F.3d at 624. Therefore, the *Perez* court determined the appropriate remedies available to a plaintiff and did not address the issue of pleading alternative theories. Here, Harris may derive his ICFA claim from the facts surrounding his TILA claim. Harris may eventually have to choose his remedy pursuant to *Perez*. However, until then, Harris may plead alternative claims pursuant to Federal Rule of Civil Procedure 8(a). *See Crowe v. Joliet Dodge*, 2001 WL 811655 at * 5 (N.D.Ill. Jul. 18, 2001) (*Crowe*) (finding that *Perez* did not foreclose pleading both TILA and ICFA claims).

River View also argues that the IMVRISA claims in Count III and V should be dismissed for

---

[2]Count XI of plaintiff's Third Amended Complaint states a cause of action for common law fraud, not a violation of the ICFA. Therefore, River View's argument does not apply to Count XI.

4

failure to state a claim. Harris argues, and the complaint states, that "by violating TILA ... River View Ford also violated the [IMVRISA]".

Harris cites to 815 ILCS 375/5 in support of his argument that a violation of the TILA is a *per se* violation of the IMVRISA. That section provides that "[a] retail contract which complies with the federal Truth in Lending Act ... shall be deemed to be in compliance with the provisions of this Section." In other words, complying with TILA is a defense to an IMVRISA claim. However just because TILA is a defense to an IMVRISA claim does not lead to the conclusion that a violation of TILA is also a violation of IMVRISA. An examination of the statutes themselves support the opposite conclusion. For example, Regulation Z of TILA requires an itemization of amounts paid to others on the RIC. 12 C.F.R. § 226.18. Unlike this requirement of the TILA, the IMVRISA does not require an itemization of amounts paid to others on the RIC. 815 ILCS 375/5(4). Therefore, a party could violate the TILA but not the IMVRISA.

In the instant case, Counts III and V claim a violation of the IMVRISA based on the allegations of the violation of the TILA, *i.e.*, failure to provide Harris with a Truth in Lending disclosure, in writing, prior to consummation of the transaction. Harris does not identify which section of the IMVRISA has been allegedly violated based on this conduct but, instead, relies upon the conclusion that a violation of the TILA is a violation of the IMVRISA. As explained above, such a conclusion is not supported by the law. Accordingly, Harris has failed to sufficiently plead a cause of action pursuant to the IMVRISA.

Counts III and V also allege violations of the Sections 2E and 2F of the ICFA. Section 2E provides, in pertinent part, that the commission of three or more violations, as determined in any civil or criminal proceeding, of the IMVRISA in one calendar year has also violated the ICFA. 815

ILCS 505/2E. Section 2F provides, in pertinent part, that any person who has been held in any civil or criminal proceedings to have willfully and materially violated the IMVRISA has also violated the ICFA. 815 ILCS 505/2F.

Complaints alleging a violation of the ICFA are subject to the pleading requirements of Rule 9(b). *Appraisers Coalition v. Appraisal Inst.*, 845 F.Supp. 592, 608-09 (N.D.Ill. 1994). Federal Rule of Civil Procedure 9(b) requires plaintiffs plead the circumstances constituting fraud with particularity. "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Counts III and V of Harris's complaint allege, in pertinent part, that "on information and belief, River View Ford committed 3 or more violations in the calendar year preceding the filing of this Complaint, as will be shown...." The complaint also alleges that River View "willfully and materially violated Illinois Statutory provision ..." in its 2F claims. Harris argues that the commission of the violations he relies upon to state a cause of action are ones that he will prove in this case. However, as found above, Harris has failed to state a cause of action of the IMVRISA; therefore, at present, there are no allegations of violation of the IMVRISA to prove the violations required for Sections 2E and 2F.

Furthermore, Harris's complaint fails to adequately plead with the required specificity the other violations he relies upon to support his claim as required by Rule 9(b). *See Tirado v. Z Frank, Inc.*, 522 F. Supp. 405, 408 (N.D.Ill. 1981) (finding that mere assertion of wilful and material violation of the IMVRISA is not adequate to state a claim under the ICFA). Accordingly, the IMVRISA claims in Counts III and V, and the ICFA claims based on violations of IMVRISA in Counts III and V are dismissed.

River View next argues that Count V of Harris's complaint should be dismissed because Harris failed to plead with the required specificity of Federal Rule of Civil Procedure 9(b). Harris argues that he did not need to plead with specificity because, "for the most part," his claims allege unfair, not deceptive, acts and practices under the ICFA, and those alleging deceptive practices (fraud) have the required specificity.

A review of Harris's complaint indicates that some of his allegations sound in unfair practices and some in both unfair practices and deceptive practices (fraud). "[B]ecause the Illinois Consumer Fraud Act prohibits not only fraud, but a broad array of unfair practices," allegations not sounding in fraud do not have to comply with Rule 9(b). *Gaddy v. Galarza Motor Sport Ltd.*, 2000 WL 1364451 at * 4 (N.D.Ill. Sept. 20, 2000). Furthermore, a review of the complaint indicates that Harris has sufficiently pled the paragraphs alleging deceptive practices (fraud), with the exception of 52(m), which Harris has withdrawn. For example, paragraph 52(q) alleges that River View violated the ICFA by placing the vehicle on its lot for resale. The paragraph states who placed the vehicle on the lot, what the deceptive act was - representing the car had been inspected when it had not been inspected -- when the event occurred, where the event occurred, and how the event occurred.

River View argues that allegations of a violation of the ICSOA in Counts X and V should be dismissed because the ICSOA does not apply to automobile dealerships as a matter of law.

Whether the ICSOA applies to automobile dealerships has not been decided by the Illinois Supreme Court. However, the Illinois Supreme Court has granted leave to appeal a Third District Appellate Court decision which did find that the ICSOA applies to an automobile dealership. *Midstate Siding & Window Co. v. Rodgers*, 309 Ill. App. 3d 610 (1999) (*Midstate*); *Midstate Siding*

*Window Co. v. Rodgers*, 189 Ill.2d 661 (2000). The courts in this district have split on whether the ICSOA applies to automobile dealerships.

In *Fogle v. William Chevrolet/Geo, Inc.*, 2000 WL 1129983 (N.D.Ill. Aug. 9, 2000) (*Fogle*), the court granted the automobile dealership's motion for summary judgment, holding that the ICSOA did not apply to automobile dealerships. The court concluded that the *Midstate* court failed to take into account the statutory intent and purpose of the statute when making its conclusion and that the court believed that the Illinois Supreme Court would hold, as a matter of law, that a car dealership was not covered by the ICSOA. *Fogle*, 2000 WL 1129983 at * 9.

In *Harris v. Castle Motor Sales, Inc.*, 2001 WL 477241 (N.D.Ill. May 7, 2001) (*Harris*), the court denied the automobile dealership's motion to dismiss an ICSOA claim. The court found that the *Midstate* decision presented plausible authority to hold the defendant liable under the ICSOA, and since the motion before the court was a motion to dismiss and the Illinois Supreme Court would presumably hand down a decision soon, dismissal at that time was not appropriate. *Harris*, 2001 WL 477241 at *6. The same court reiterated its finding in *Crowe*, 20001 WL 811655 at * 13, again denying a motion to dismiss. Recently, in *Brugger v. Kia*, 2001 WL 845472 at * 2 (N.D.Ill. July 24, 2001), another district court found that, in light of a presumably soon decision by the Illinois Supreme Court, "the most prudent course is to deny the motion to dismiss, leaving for a later day the determination whether the Act applies."

The *Harris*, *Crowe* and *Brugger* decisions are persuasive. Also, at this stage of litigation, and without guidance from the Illinois Supreme Court at the present time, the most prudent course is to deny dismissing Harris's ICSOA claims.

River View also argues that the ICFA claim in Count V, which is based on alleged

8

irregularities in Harris's financing, and Count XI should be dismissed because the ICFA is not applicable because River View's conduct was authorized by other Illinois laws. Harris argues that the ICFA is applicable because an agency relationship existed between Harris and River View. Harris also withdraws paragraph 52(l). In response, River View argues that Harris has not sufficiently pled an agency relationship.

Initially, the Court notes that Count XI alleges common law fraud, not a violation of the ICFA. Therefore, defendant's present argument does not apply to Count XI.

The ICFA states, in relevant part, that it does not apply to actions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of Illinois or the United States. 815 ILCS 503/10(b)(1). In other words, compliance with state statutes constitute a complete defense to causes of action under the ICFA. *See Aurora Firefighter's Union v. C.J. Harvey*, 163 Ill. App. 3d 915, 925 (1987). However, compliance with a state statute may not act as a bar if the state law imposes a greater duty based on an agency relationship between the automobile dealer and the consumer. *See, Kent v. Celozzi-Ettleson Chevrolet, Inc.*, 1999 WL 1021044 at * 3 (N.D.Ill. Nov. 3, 1999) (*Kent*); *Taylor v. Bob O'Connor Ford, Inc.*, 1998 WL 177689 at * 18 (N.D.Ill. Apr. 13, 1998) (*Taylor I*). Furthermore, while the existence of an agency relationship between an automobile dealer and a customer receiving financing through the dealer is doubtful, *Balderos v. City Chevrolet*, 214 F.3d 849, 853 (7th Cir. 2000), if an agency relationship is pled, the time to determine if such an agency relationship existed should not take place at the motion to dismiss stage but at a later stage of litigation, *Taylor v. Bob O'Connor Ford, Inc.*, 2000 WL 876920 at * 4 (N.D.Ill. June 29, 2000).

Count V of Harris's complaint alleges that River View violated the ICFA when one of its

sales persons represented to Harris that he would attempt to find the best interest rate for which Harris could qualify for. The sales person represented that 33.9% was the best interest rate he could obtain when, in fact, it was not. The complaint further alleges that Harris believed that the sales person was acting in Harris's best interest and was acting as an agent and fiduciary in his undertaking when, in fact, the sales person acted as an undisclosed agent for Ford Credit. Based on these allegations, Harris has sufficiently pled a cause of action under ICFA and an agency relationship. *See Kent*, 1999 WL 1021044 at * 4; *Taylor I*, 1998 WL 177689 at * 19; *Fairman v. Schaumburg Toyota, Inc.*, 1996 WL 392224 at * 5 (N.D.Ill. July 10, 1996).

River View next alleges that Count XI, a common law fraud claim, should be dismissed because Harris failed to meet the specificity requirements of Rule 9(b). A review of Count XI, which also incorporates all of the previously pled allegations, indicates that Harris has sufficiently pled a common law fraud claim with the requisite specificity to place River View on notice of the alleged fraud.

River View also argues that Count XII of Harris's complaint must be dismissed because it fails to state a cause of action. Count XII of Harris's complaint, entitled "Rejection or Revocation Under Section 2-721 of the Commercial Code ..." alleges that River View violated Section 2-721 when it refused to accept Harris's rejection/revocation of the vehicle. River View argues that Section 2-721 is a remedy, not a cause of action.

River View correctly categorizes rejection and revocation as a remedy. 810 ILCS 5/2-721. However, a violation of these rights may give rise to a legitimate cause of action when a defendant refused to recognize plaintiff's statutory remedies. *See Crowe*, 2001 WL 811655 at * 9; *Presto Mfg. Co. v. Formetal Eng'g Co.*, 46 Ill. App. 3d 7, 13 (1977). Here, Harris has sufficiently pled that River

View refused to accept his rejection and revocation. Accordingly, Count XII properly states a cause of action and is not dismissed.

Lastly, River View argues that Count XIII of Harris's complaint should be dismissed because it fails to state a cause of action under either of the federal or state odometer statutes.

Count XIII of Harris's complaint alleges that River View failed to disclose the odometer reading of the purchased vehicle on the title as required by the MVICSA. River View cites to Seventh Circuit case law that has held that the mere fact that an automobile dealer violated a disclosure requirement does not necessarily mean that he is civilly liable, the dealer must have acted with intent to defraud in order to be liable under the MVICSA. *Jones v. Hanley Dawson Cadillac Co.*, 848 F.2d 803, 806 (7th Cir. 1988).

Harris concedes that he did not plead the terms "intent to defraud" in Count XIII. Harris argues that the incorporated paragraphs, including 52(o), sufficiently plead such intent. Paragraph 52(o) alleges, in part, that River View failed to comply with disclosure requirements by intentionally using a power of attorney and a separate odometer disclosure statement, rather than a certificate of title, for the purpose of making mileage disclosure. This allegation, which is incorporated by reference in Count XIII, sufficiently pleads an intent to defraud to place notice on River View of the allegations against it.

For the reasons stated above, River View's Motion to Dismiss and/or Strike is denied in part and granted in part. The IMVRISA claims in Counts III and IV and the ICFA claims based on violations of IMVRISA in Counts III and V are dismissed. Paragraphs 52(m) and 52(l) are withdrawn by Harris and are, therefore, stricken from the complaint.

Dated: *September 27*

JOHN W. DARRAH
United States District Judge